**HAI HE, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 04–4315–AG.**

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Paul J. McNulty, United States Attorney for the Eastern District of Virginia, Tara Louise Casey, Assistant United States Attorney, Richmond, Virginia, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

jurisdiction before this Court. *See Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.1995).

DECREED that the petition for review is DENIED.

Hai He, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA does not expressly adopt the IJ's decision, but issues a short decision that agrees with all or most of the IJ's reasoning, it is appropriate to review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *cf. Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (reviewing the IJ's 30–page decision when the BIA's decision was brief and "primarily recount[ed] the IJ's reasoning").

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ's adverse credibility finding was substantially supported by the record as a whole. The IJ sufficiently supported his finding that He was "merely attempting to relay the information that he has memorized." Because we are unable to "duplicate the fact-finder's assessment of credibility," we review such conclusions "to ensure that they were not reached arbitrarily or capriciously" *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Ke Zhen Zhao v. United States DOJ*, 265 F.3d 83, 86 (2d Cir.2001)). In this case, there is no indication that the IJ acted arbitrarily or capriciously in his analysis of He's demeanor during testimony.

The IJ also properly based his adverse credibility finding on inconsistencies between He's airport interview, asylum application, and hearing testimony. We have cautioned against giving undue weight to testimony at airport interviews, noting that they "may be perceived by the alien as coercive or threatening," and that "because those most in need of asylum may be the most wary of governmental authorities, the BIA and reviewing court must recognize, in evaluating the statements made in an interview, that an alien may not be entirely forthcoming in the initial interview." *Ramsameachire*, 357 F.3d at 179 (internal citation omitted). However, such concerns do not seem as urgent here, where the IJ noted that He offered the interviewer "quite detailed information" with respect to his illegal entry into the United States.

In sum, the IJ cited numerous specific, cogent reasons to doubt He's testimony in critical portions of his story, and therefore we uphold the adverse credibility finding. *See Zhou Yun Zhang*, 386 F.3d at 74; *Secaida–Rosales*, 331 F.3d at 307. Substantial evidence also supports the IJ's denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).